THE CAVANAGH LAW FIRM
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 012458)
wdemlong@cavanaghlaw.com
Elliot H. Wernick, Esq. (SBN 015351)
ewernick@cavanaghlaw.com
Tel:  (602) 322-4004
Fax: (602) 322-4103

Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Gary M. Edwards, an unmarried may,<br><br>Plaintiff,<br><br>vs.<br><br>American Bankers Insurance Company of Florida, a foreign corporation; John and Jane Does I-X; and Black and White Business Entities I-X,<br><br>Defendants. | No.<br><br>**NOTICE OF REMOVAL**<br><br>(Pima County Superior Court Case No. C20172633) |

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Local Rule 3.6, Defendant American Bankers Insurance Company of Florida ("ABIC") hereby notices the removal of the above-captioned case from Arizona Superior Court, Pima County, to the United States District Court for the District of Arizona and in support thereof respectfully asserts:

1. At the time of the Complaint, and based on the allegations contained therein, Plaintiff was a citizen of the State of Arizona. Notably, a natural person's state of citizenship is determined by his or her state of domicile. *See Kanter v. Waner-Lambert Co.*, 365 F.3d 853,

857 (9th Cir. 2001).  In turn, a person's place of residence is *prima facie* evidence of their domicile.  *See Golub v. Wells Fargo Bank, N.A.*, 2014 WL 997336 (C.D. Cal. 2014) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

2. Defendant ABIC is a citizen of the State of Florida, by virtue of the fact that it is a Florida corporation with its principal place of business in Florida.  Accordingly, there is complete diversity of citizenship between the parties.

3. On or about July 5, 2017, less than thirty days prior hereto, the Summons and Complaint were served upon ABIC through the Arizona Department of Insurance (*See* Exhibit 1).

4. The Complaint alleges three counts: (1) breach of contract; (2) bad faith, and (3) punitive damages.  Plaintiff seeks damages allegedly flowing from those claims as well as punitive damages and attorneys' fees and costs.  (See Plaintiff's Complaint, Exhibit 1)

5. Specifically, Plaintiff seeks to recover from ABIC damages for the foregoing allegations (*See* Exhibit 1, p. 8), including the following:

   a. Special and general damages;
   b. Punitive damages in an amount sufficient to punish ABIC;
   c. Attorneys' fees and costs;
   d. Interest pursuant to A.R.S. § 20-462;
   e. Pre/post judgment interest; and
   f. For such other and further relief the Court deems just and proper.

6. More likely than not, the amount in controversy exceeds $75,000.00 in this case.

7. Plaintiff alleges in his complaint that ABIC 'low balled' his manufacture dwelling loss; in particular that ABIC undervalued his loss by $110,000.00. (*See* Exhibit 1, ¶¶ 24-25.  Plaintiff alleges that ABIC 'finally' paid the policy limits for the dwelling lost more than 16 months after the fire loss occurred.  (*See* Exhibit 1, ¶¶ 28-29).

8. With respect to his breach of contract claim, Plaintiff asserts damage to his real and personal property along with other compensable damages. Complaint, ¶ 35. He also seeks his legal fees and costs as damages. (*See* Exhibit 1, ¶ 36).

9. It is reasonable to expect that Plaintiffs will incur <u>at least</u> **$65,400.00** in costs and attorneys' fees in prosecuting their claims against ABIC. ABIC will likewise spend a similar amount in defending the matter. [*See* Declaration of Elliot Wernick, attached hereto as Exhibit 2 at ¶ 10]. Although predicting attorneys' fees is difficult, a court may look to an estimated value of attorneys' fees in determining the amount in controversy. *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577-78 (D. Ariz. 2003) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998)). In *Ansley*, the United States District Court for the District of Arizona specifically relied upon a declaration submitted by the defendant's attorney that indicated "the attorneys' fees incurred by both sides [would] exceed $75,000" to conclude that the defendant demonstrated the value of the claim exceeded the statutory minimum required for removal to federal court. *Id.*

10. With respect to Plaintiff's claim of the breach of the covenant of good faith and fair dealing, he claims to have sustained recoverable damages including "economic damages, damages to his real and personal property, emotional distress, loss of use and enjoyment of his home, pain and suffering, and other recoverable damages." He also seeks attorneys' fees and costs. (*See* Exhibit 1, ¶ 43).

11. Plaintiff's claim for bad faith damages alone more likely than not exceed $75,000.00. A copy of the decision is attached as Exhibit 3. This assertion is supported, inter alia, by the recent Arizona Court of Appeals decision in in *Preciado v. Young America Ins. Co.*, No. 1 Ca-CV 16-0082 (Ct. App. June 29, 2017). *Preciado* centered on an auto policy valuation dispute and delay of payment claim that included claims for breach the covenant of good faith and fair dealing and punitive damages. The difference in valuation between the parties was

$2,838.42. The case went to trial and the jury awarded Plaintiff $34,500.00 for breach of contract, $100,000.00 in bad faith damages and $750,000.00 in punitive damages. The trial court judge then awarded more than $300,000.00 in attorneys' fees. On appeal, the Court of Appeal concluded that Plaintiff's contract damages totaled $2,838.52 and reduced that award accordingly. The Court also found that the trial judge should have granted defendant's motion for judgment as a matter of law with respect to the punitive damages claim. The Court, however, affirmed the jury's $100,000 bad faith award and trial court's fee award of $302,170. As this recent decision illustrates a valuation claim with lower contract damages exposure still runs a significant risk of a judgment well in excess of $75,000.00.

12. Plaintiff also seeks punitive damages and attorney's fees – which would exceed the jurisdictional limit of $75,000.00. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (noting that compensatory and punitive damages are to be considered in determining the amount in controversy for purposes of removal jurisdiction); *Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 577 (D. Ariz. 2003) (*citing Chabner*); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (potential attorneys' fees are to be included in determining the amount in controversy). And while the *Preciado* court reversed the punitive damages award, the case highlights the very real risk of ABIC being exposed to a six-figure punitive damages award.

13. Based on the foregoing, this Court has jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action between parties with complete diversity of citizenship and Plaintiff damages more likely than not exceed the jurisdictional minimum of $75,000.00, exclusive of interest and costs.[1]

---

[1] ABIC does not waive, and expressly reserves, the right to challenge Plaintiff's claims for damages including, but not limited to, actual damages, punitive damages, and attorney's fees, and to argue for the dismissal of each and every cause of action asserted in the Complaint.

14. Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391(a) in that Plaintiff resides within the District of Arizona. Additionally, venue is proper in the District of Arizona because a substantial part of the events giving rise to Plaintiff's claim occurred therein.

15. This Notice of Removal is being filed within thirty (30) days after receipt and service of the Complaint and is timely filed under 28 U.S.C. § 1446(b).

16. The time in which ABIC has to answer the Complaint or remove with respect to the Complaint has not yet expired.

17. A true and complete copy of Plaintiff's Arbitration Certificate, Civil Cover Sheet and most recent docket from the state court are attached as Exhibits 4, 5 and 6, respectively.

18. A Notification of Filing Notice of Removal in Federal Court (copy attached hereto as Exhibit 7) has been filed in the Arizona Superior Court, Pima County, Arizona, on behalf of Defendant American Bankers Insurance Company of Florida.

19. Defendant ABIC has served upon Plaintiff, by and through counsel, a copy of this Notice.

20. Defendant ABIC has served upon Plaintiff, by and through counsel, the Notice to the Parties of Mandatory Initial Discovery Pilot Project, General Order 17-08 and the MIDP Checklist.

21. This Notice is signed pursuant to Fed. R. Civ. P. 11, as required by LRCiv 3.6.

WHEREFORE, Defendant requests that the above action now pending in the Arizona Superior Court, County of Pima, be removed to this Court.

RESPECTFULLY SUBMITTED this 2nd day of August, 2017.

**THE CAVANAGH LAW FIRM, P.A.**

By: /s/ Elliot H. Wernick
 William M. Demlong
 Elliot H. Wernick
 1850 North Central Avenue, Suite 2400

Phoenix, Arizona 85004<br>Attorneys for Defendant

### CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of August, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Robert D. Ryan, Esq.
Law Offices of Robert D. Ryan, PLC
343 W. Roosevelt Street, Suite 220
Phoenix, AZ. 85003
rob@robertdryan.com
Attorneys for Plaintiff

   /s/ Adriana Garcia